**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

Keith Kessler, Deanna Kessler,  )
Stephen Kessler, Leah Kessler,  )
Hayden Kessler, and Megan Kessler,  )
)
      Plaintiff,  )
)  **ORDER GRANTING MOTION FOR**
      vs.  )  **LEAVE TO FILE UNDER SEAL**
)
Minnesota Power, a Division of  )  Case No. 1:22-cv-029
ALLETE, Inc.,  )
)
      Defendants.  )

_____

Before the Court is the Defendant's motion for leave to file under seal filed on June 2, 2025.

See Doc. No. 130. The Defendant has filed a motion for summary judgment and seeks permission

to file three exhibits thereto under seal. The exhibits are described as the report of Michael Hankard,

the report of Dr. Jeffrey Ellenbogen, and the report of Dr. Taryn M. McEvoy. See Doc. Nos. 130-2,

130-3, and 130-4. Redacted version of all three reports have been filed along with the Defendant's

motion for summary judgment. See Doc. Nos. 128-10, 128-11, and 128-12. The Plaintiffs did not

respond to the motion. For the reasons set forth below, the motion is granted.

It is well-established that there is a common-law presumption of public access to judicial

records. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). "The presumption is based

on the need for the federal courts to have a measure of accountability and for the public to have

confidence in the administration of justice." United States v. Gray, 59 F.4th 329, 333 (8th Cir.

2023). This right of access is not absolute, but requires a weighing of competing interests. The

decision to file a document under seal is a matter left to the sound discretion of the trial court. See

Webster Groves Sch. Dist. v. Pulitzer Publ'g Co., 898 F.2d 1371, 1376 (8th Cir. 1990). A party

seeking to seal a judicial record must demonstrate a compelling interest which overrides the qualified First Amendment right of public access enjoyed by the public and press. United States v. McDougal, 103 F.3d 651, 658 (8th Cir. 1996). A court deciding to seal a document must explain why sealing was necessary and why less restrictive alternatives were not appropriate. See In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); In re Sealed Documents, Standing Order (D.N.D. Sept. 30, 2011).

Generally, a qualified right of access attaches to dispositive documents and materials filed in conjunction with dispositive motions. Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007); Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002) ("[D]ispositive documents in any litigation enter the public record notwithstanding any earlier agreement. How else are observers to know what the suit is about or assess the judges' disposition of it?"); Webster Groves, 898 F.2d at 1376 ("Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed.").

The Eighth Circuit has stated that "only the most compelling reasons can justify non-disclosure of judicial records." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (internal quotation marks omitted). "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." Shane Group, Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing Press-Enter. Co. v. Super. Ct. of Cal., 464 U.S. 501, 509-11 (1984)). Therefore, the party

seeking sealing must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." Baxter, 297 F.3d at 548.

In this case, the Defendant contends the report of Michael Hankard contains sensitive trade secrets while the reports of Dr. Ellenbogen and Dr. McEvoy contain sensitive medical information. Guided by the case law cited above, the Court is generally reluctant to seal portions of the record. However, in this case the Defendants have met their burden by submitting redacted versions of the sealed documents for public consumption. Trade secrets along with sensitive medical information are well-established exceptions to the general prohibition on the sealing of court records. The portions of the reports that are redacted represent just a small fraction of their entirety and the reader can still understand the context. The motion for summary judgment itself and the memorandum in support of the motion for summary judgment are not sealed or redacted. The request is narrowly tailored to the needs of the parties while respecting the right of the public to know what occurs in public courtrooms. Thus, the motion is granted. However, should the case proceed to trial, all trial testimony, transcripts, and exhibits would be fully available to the public.

For the reasons set forth above, the motion for leave to file under seal (Doc. No. 130) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 25th day of June, 2025.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court