IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Keith Kessler, Deanna Kessler, Stephen Kessler, Leah Kessler, Hayden Kessler, and Megan Kessler,<br><br>Plaintiffs,<br><br>vs.<br><br>Minnesota Power, a Division of ALLETE, Inc.<br><br>Defendant. | **ORDER GRANTING DEFENDANT'S MOTION FOR COSTS**<br><br>Case No. 1:22-cv-029 |

Before the Court is the Defendant's motion for costs filed on September 17, 2025. See Doc. No. 154. The Defendant seeks costs in the amount of $10,985.10. The Plaintiffs did not respond to the motion.

It is well-established that the award of costs and attorney's fees is governed by Federal Rule of Civil Procedure 54(d)(1), and 28 U.S.C. §§ 1821, 1920, 1921, 1923, and 1924. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides in relevant part as follows:

(d)   Costs; Attorney's Fees.

(1) Costs Other Than Attorney's Fees. Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees– should be allowed to the prevailing party.

The Eighth Circuit Court of Appeals has explained that Rule 54(d) "represents a codification of the 'presumption that the prevailing party is entitled to costs.'" Greaser v. Missouri Dept. of Corr., 145 F.3d 979, 985 (8th Cir. 1998) (quoting Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995)).  District courts have significant discretion in awarding costs to the prevailing party. Id. at 985 (citing Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997)); Brisco-Wade v. Carnahan, 297 F.3d 781, 783 (8th Cir. 2002) ("Rule 54(d) gives the district

1

court discretion not to award costs to the prevailing party. . . ."). There is no requirement under Rule 54 that a district court provide a detailed review or analysis of every cost item awarded. Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 896-97 (8th Cir. 2009).

The Defendant request costs in the amount of $10,985.10. In support of the motion, the Defendant submitted a statement of costs and fees, providing a basis for the Defendant's request of $10,985.10. See Doc. No. 156. The Defendant requests $402 in filing fees to remove the case to federal court, $150 in filing fees for a pro hac vice application for one of its attorneys, and $10,433.10 in deposition transcript costs for depositions of the Plaintiffs, the Plaintiffs' expert Shane Wolff, and the Defendant's designated representative, Todd Simmons.

Under Civil Local Rule 7.1, the failure to respond to a motion may be considered an admission that the motion is well taken. See D.N.D. Local Civ. R. 7.1(B)(5). The Court so finds in this case. The Court previously granted summary judgment in favor of the Defendants. See Doc. No. 152. As such, the Defendant is the prevailing party and entitled to costs.

The Court has carefully reviewed the Defendant's brief, statements of costs and fees, the relevant case law, and the entire record. In the broad exercise of its discretion under Rule 54(d), the Court awards costs and disbursements to the Defendant in the amount of $10,985.10. Pursuant to Local Rule 54.1, the Court directs the Clerk's Office to insert this amount in the judgment.

**IT IS SO ORDERED.**

Dated this 7th day of October, 2025.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court